Gray et al. v. Stockton.

---

John C. Gray and Elizabeth Gray, his Wife, Respondents, vs. James B. Stockton, Appellant.

APPEAL FROM THE DISTRICT COURT OF WINONA COUNTY.

In an action for breach of covenants of seizin and warranty, S the grantor admitted the making the deed to E G, the grantee therein named, but alleged that the same was executed for the use, benefit and behoof of her husband. In the absence of any allegations of fraud, mistake, or accident, *held*, that the grantor was estopped from claiming that the conveyance was for the use and benefit of any other party than the grantee named in the deed.

Where the grantor claimed under a party who had undertaken to pre-empt the premises, and had received a duplicate therefor, but whose entry was afterwards cancelled by the Department at Washington, *held*, that all parties who purchase from a pre-emptor prior to the consummation of the entry, take subject to the power of the upper office to confirm or cancel the entry that existed in relation to the original purchaser.

Points and Authorities for Appellant.

I.—The deed from Appellant and wife was not made to Mrs. Gray, but to her for the sole use and benefit of her husband, John C. Gray, and she takes nothing under it whatever. *Comp. Stats.* 382, *sec.* 5.

Any other conclusion would involve the necessity of upholding the perpetration of a palpable and gross fraud by the Respondents upon the Appellant and his wife, in the very inception of this transaction. And courts of equity do not usually wink at fraud.

Mrs. Gray cannot sustain this action for the reason that the covenants in the deed were not made for her use or benefit, but for the use and benefit of her husband, John C. Gray—the real party in interest, and who alone can bring this action. *Comp. Stats.* 534, *sec.* 27.

II.—The Court erred in finding—fourth—as matter of fact: "That at the time of the execution of said deed, the said Jas. B. Stockton and Maryett D. Stockton had not, nor have they, or either of them, ever had any legal interest, claim or title in or to said land, or any part thereof, nor have they ever been seized of said premises, or any part thereof."

The government, through its officers, has notice of the claim of Mrs. Stockton, and requires that all of the parties in interest be notified of the time and place of a re-investigation. No notice was given to either the Appellant or his wife, although it was expressly requested by them, in case any farther investigation should be ordered. By a proceeding wholly exparte to them, and without their knowledge, Gray is permitted to pre-empt the premises, and the entry of Howell is cancelled, on the ground that he "abandons his claim," and under such proceedings Gray receives his patent.

Mrs. Stockton, the wife of the Appellant, did have and still has the title to the premises conveyed. Howell pre-empted the land and paid the government for it, and the proper officers of the government gave to him the regular official evidence of actual title, which title he had a right to convey. *Comp. Stats.* 686, *sec.* 88; *Camp. vs. Smith*, 2 *Minn. R.*, 155.

And having conveyed such to Mrs. Stockton, a *bona fide* purchaser, that title became, and was and is perfect and complete in her, as against the government, and all other parties or persons claiming, or attempting to claim the same. *Act of Congress, Sept.* 4. 1841, *sec.* 13.

III.—The Court erred in finding—eighth—as matter of fact: "That the alleged pre-emption of the said Thomas Howell, mentioned in the answer, was void. The said Howell, at the time of said alleged pre-emption, neither being a citizen of the United States nor having declared his intention to become a citizen, as required by the pre-emption laws."

1. There is no evidence or admission upon which this finding can be based in the case, and there was none before the officers of the land office. The entry was cancelled, as will be seen by reference to the commissioner's letter, of date Oct. 1st, 1858, and to the certificate of the purchase of Howell, upon the sole ground that he had abandoned his entry, and preferred that Gray should have the land.

2. In the absence of proof to the contrary, the law always presumes that every man is a citizen.

Points and Authorities of Respondents.

I.—Where a husband and wife unite in a joint deed of conveyance of the wife's estate, with covenants on their part to the wife of another party, in an action for the breach of any of the covenants contained in the deed, the husband of the grantee, together with his wife, are the necessary and proper parties Plaintiff; and the husband of the grantor, alone, is the proper party Defendant.

1. The husband of the grantee is properly joined with his wife as Plaintiff. *Pub. Stats.* 535, *sec.* 30.

2. The husband of the grantor is proper sole Defendant, inasmuch as the wife is not bound by any covenant in the deed. *Id.* 397, *sec.* 2.

II.—Covenants of seizin, of authority to convey, and of freedom from incumbrances, are personal, in distinction from real covenants; and if false, are broken immediately; and no actual ouster need be averred or proven, to maintain an ac-

tion for the breach. 1 *Com.*, *N. Y.*, 513; *id.* 564; 4 *Reut.*, 471; 2 *Greenl. Cruise on Real Prop.* 751 *and note* 1. *See also note to Spencer's case*, 1 *Smith's L. C.*, (2d Am. ed.) 79-108.

III.—But, in the present case, the legal title to the land being in the United States, at the time of the execution of the deed by Defendant and wife to Mrs. Gray, not only were the personal covenants broken instanter; but also, the real ones were broken upon the transfer by the government of its title to John C. Gray. Thereafter Mrs. Gray was actually ousted by the possession of her husband, under his paramount title, and her possession was simply his.

IV.—The findings of the Court in this case are upon all the material issues, and are entirely supported by the evidence in the case. Immaterial issues need neither be tried nor passed upon by the Court.

JOHN KEYES and SARGEANT & FRANKLIN, Counsel for Aplant.

BERRY & WATERMAN, Counsel for Respondents.

*By the Court.*—ATWATER, J.—This action was brought by Gray and wife to recover for breach of covenants in a warranty deed executed by Stockton and wife to Elizabeth Gray. The cause was tried by the Court and judgment rendered for Plaintiffs, from which Defendant appeals to this Court.

The material facts as we learn from the pleadings and case are, that one Howell pre-empted, or commenced to pre-empt the land in question, and received a duplicate therefor from the U. S. Land Office at Winona, on the 7th of April, 1855; that on the 1st of May, 1855, he executed and delivered a warranty deed of eighty acres of the premises to Maryett Stockton, which premises, on the 12th of November, 1855, were conveyed by Maryett Stockton and husband to Elizabeth Gray, one of the Plaintiffs, for the consideration of five hundred dollars, three hundred of which were paid down, the balance on time. Howell's entry was afterwards cancelled by the department at Washington, for defects in the proof of

pre-emption right, and the land was afterwards pre-empted by John C. Gray, the Plaintiff, and a patent issued to him therefor from the United States. The action was brought to recover the $300 paid by Elizabeth Gray.

The Court found as a fact in the case, "That on the 12th day of November, A. D. 1855, the Defendant, James B. Stockton, and Maryett D., his wife, did execute, acknowledge and deliver to the Plaintiff, Elizabeth Gray, a deed with covenants, as stated in the complaint, and that the said Elizabeth Gray agreed to pay for said land the sum of $500, and did pay down of said sum at the time of the execution of said deed the sum of $300." The Appellant urges that this finding is contrary to the evidence in the case.

The answer admits the execution of the deed by Defendant and wife to Elizabeth Gray, but alleges that the sale was not made to her, but to John C. Gray, her husband, and that the conveyance was in fact made to the use and behoof of said John C. Gray, that he conducted the negotiations and paid the money, &c. There was no allegation, however, that the deed was executed through any fraud, mistake, or accident, on the part of Defendants, nor any proof to that effect.

Under these circumstances the Defendant is estopped from claiming that the covenants in the deed do not run to Elizabeth Gray, or that John C. Gray is the real party in interest. Nor could parol proof be admitted to show that another person than the one named in the deed, was the real grantee intended by the conveyance. Had the deed conveyed a good title, Elizabeth Gray would have taken the entire interest in the property, under the statute of frauds, even had there been an arrangement between Gray and wife, that she was to hold the title for his benefit, and no person could dispute her right, save a creditor of her husband under certain circumstances. Some of the evidence tending to show that the conveyance was made for the benefit of John C. Gray, seems to have been objected to on the trial, by Gray, and some was not; we think it was all improper and should have been excluded, so far as its bearing on the point in question is concerned. Considering the finding, however, upon all the evidence which was admitted without objection, there was sufficient to sustain it.

vol. viii—68

The deed itself was the strongest evidence of the intent of the parties thereto, and the Court was undoubtedly justified in finding that it was executed for the use and benefit of the grantee therein named.

The Court also found as a fact "that the said James B. Stockton and Maryett D. Stockton had not, nor have they or either of them, ever had any legal interest, claim or title in or to said land, or any part thereof, nor have they ever been seized of said premises, or any part thereof." This finding is also alleged as error by Appellant.

The answer, after setting up the pre-emption and purchase by Howell, goes on to allege that "Defendant is further informed and believes that an error did occur in the said pre-emption of the said Howell, and that the substance of said error consisted in a failure of said Howell to file with his proof of pre-emption right a certificate of his declaration of intention to become a citizen ; of the United States, which filing was required by the regulations of the proper Department of the United States government." It will be observed that the Defendant here admits that Howell did not comply with the law entitling him to pre-empt the land, nor is there any allegation that he ever filed or offered to file proof of a declaration of intention to become a citizen : although the Defendant alleges that he is advised by counsel and believes that said error and omission in the proof of pre-emption right of said Howell might have been rectified by said Howell, and that he urgently requested and demanded of the said Howell to remedy the defects in the proof of pre emption right, and perfect his title thereto. The answer goes on at length to allege fraud on the part of the Plaintiffs in endeavoring to defeat the title in Elizabeth Gray, by defeating and rendering null and void the pre-emption and purchase of said lands by Howell, &c.

The issue of fraud is found against the Defendants, so far at least as Elizabeth Gray is concerned, and there is no ground to disturb such finding on the evidence. Aside from this issue, the answer does not state facts sufficient to show that the legal title to the land ever vested in Howell, but on the contrary shows that he never did make a valid pre-emption, and

Gray et al. v. Stockton.

did not comply with the laws of the United States, in relation to pre-emption, and consequently was never entitled to a patent, or in fact any evidence of title from government. By his own showing, the duplicate which he received from the local land officers at Winona, was improperly granted, and consequently it is unnecessary to consider what might have been his rights under such evidence of title and our statute relating thereto, had all the requisites required by law to complete his pre-emption been complied with. The remarks and reasoning on the subject of the rights of pre-emptors, in *Camp vs. Smith*, 2 *Minn.* 155, upon receiving a duplicate, are all based upon the assumption that the pre-emptor has complied with the requirements of the pre-emption law. Every one who purchases land from the United States, by pre-emption or private entry, does so subject to the rules and regulations that govern the land department. All entries are made " subject to the supervision and control of the commissioner of the general land office," and all contests are decided by the local land officers, subject to appeal. (*Randall vs. Edert*, 7 *Minn.*, 450.) And in the same case it was held that " all parties who purchase from a pre emptor prior to the consummation of the entry, take, subject to the power of the upper office to confirm or cancel the entry that existed in relation to the original purchaser."

These views dispose of the material points in the case, and the judgment below must be affirmed.